## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANNIE FERRARI,

    Plaintiff,

v.                                             Case No: 8:21-cv-2526-CEH-CPT

RECEIVABLES MANAGEMENT
PARTNERS, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Receivables Management Partners, LLC's Motion to Stay Proceedings (Doc. 11), which Annie Ferrari opposes (Doc. 12). In the Motion to Stay, Receivables Management moves to stay this action pending the final outcome of the Eleventh Circuit's *en banc* rehearing in *Hunstein v. Preferred Collection and Management Services, Inc.* Doc. 11 at 1. Having considered the filings and being fully advised in the premises, the Court will grant the Motion to Stay.

## DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The

determination of whether to impose a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

The Court will stay this action. As Receivables Management points out, the *en banc* Eleventh Circuit's resolution of the appeal will have a substantial or controlling effect on Ferrari's claim. In seeking the stay, Receivables Management also emphasizes that a stay will promote judicial economy and ensure that neither party expends judicial resources. Doc. 11 at 7. Ferrari claims that she will suffer prejudice due to a delay of her opportunity to seek prompt vindication of her rights and possible loss of evidence. Doc. 12 at 7–8. But the Court will ensure that the stay, which will be tied to the *en banc* Eleventh Circuit's resolution of the *Hunstein* appeal, is narrowly tailored and not immoderate. Indeed, "[t]he Eleventh Circuit has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Ring v. City of Gulfport*, No. 8:20-cv-593-VMC-CPT, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)). As such, numerous other courts have stayed similar actions pending the Eleventh Circuit's resolution of the *Hunstein* appeal. *See, e.g.*, *Gonzalez v. I.C. Sys., Inc.*, No. 1:21-cv-23691-RKA (S.D. Fla.), Doc. 11; *Ruales*

2

v. Client Servs., Inc., No. 6:21-cv-1828-ACC-LRH (M.D. Fla.), Doc. 7; *Clarke v. Hunter Warfield, Inc.*, No. 8:21-cv-2011-CEH-SPF (M.D. Fla.), Doc. 13; *Felder v. Phoenix Fin. Servs., LLC*, No. 8:21-cv-2235-CEH-JSS (M.D. Fla.), Doc. 21. Therefore, the Court will stay this action.

    Accordingly, it is **ORDERED**:

1. Receivables Management Partners, LLC's Motion to Stay Proceedings (Doc. 11) is **GRANTED**.

2. This action is **STAYED** until further order of the Court following the *en banc* Eleventh Circuit's resolution of the appeal in *Hunstein v. Preferred Collection and Management Services, Inc.*, No. 19-14434.

3. Within **TEN (10) DAYS** of the *en banc* Eleventh Circuit's resolution of the appeal, the parties must file a notice advising the Court of that resolution and a motion requesting the reopening of the case and the lifting of the stay.

4. The Clerk is directed to terminate all deadlines and **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on February 3, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies: All Parties of Record

3